UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KENDALL MOTA, TRAVIS SUBARAN, NATHANIEL EMILIA, HECTOR BRIGANTI,** and **MICHAEL MIRANDA,** in their individual capacities and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ABALON EXTERMINATING COMPANY, INC., IRWIN NOVAL,** an individual, and **DOROTHY GOMEZ FROST,** an individual,<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:22-cv-7602<br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiffs Kendall Mota, Travis Subaran, Natheniel Emilia, Hector Briganti and Michael Miranda all worked for Defendants' exterminating company for varying lengths of time and in different capacities, ranging from seventeen months to around eight years. During this time, Defendants regularly failed to pay Plaintiffs (and others similarly situated) overtime premium pay despite working more than 40 hours a week; failed to pay them the correct prevailing wage rates despite working at several public New York City project sites such as Grand Central Station and various New York City public libraries; and frequently paid them late.

2. Specifically, when Plaintiffs and others similarly situated worked above forty hours in a given workweek, Defendants would divide their hours into separate paychecks so that their check never reflected their accurate hours, in an attempt to avoid paying overtime.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

3. Plaintiffs and others similarly situated also participated in Defendants' employer-sponsored group health plan (the Plan) and were wrongly denied benefits due to Defendants' mismanagement of the Plan. Plaintiffs and others similarly situated paid their premiums due under the plan but because Defendants allowed the plan to lapse, they were wrongly denied benefits, forced to pay out-of-pocket for healthcare that should have otherwise been covered under the Plan, they were unable to receive benefits under the Plan, they were forced to seek out inadequate care and cost-effective healthcare despite paying the required premiums to participate in Defendants' group plan , and they were forced to forego medical treatment for themselves and others covered under Plaintiffs' and others similarly situated individual policies. Defendants also failed to reimburse Plaintiffs for their transportation costs as agreed upon.

4. To challenge these and other wage violations, Plaintiffs bring this action, on behalf of themselves and others similarly situated, by and through their attorneys, against Defendants Abalon Exterminating Company, Inc., Irwin Noval, an individual and Dorothy Gomez Frost, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL"). Plaintiffs and others similarly situated also bring associated state law claims of third-party beneficiary claims, unjust enrichment, and conversion.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendants' company is based at 450 7th Ave., Suite 1402, New York, New York 10016. and the Defendants named herein resides in this district.

## PARTIES

### Defendant Abalon Exterminating Company, Inc.

8. Defendant **Abalon Exterminating Company, Inc**. ("Abalon") is a New York corporation doing business within New York County, whose principal place of business is located at 450 7th Ave., Suite 1402, New York, NY 10123. Its DOS Process agent is listed with the NYS Department of State as David M.S Hecet with an address of 274 Madison Avenue, New York, NY 10016.

9. At all relevant times, Defendant Abalon had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Abalon was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant Abalon was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

### Defendant Irwin Noval

12. Defendant Irwin Noval ("Noval"), an individual, resides within New York County, upon information and belief.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 3

13. Defendant Noval is an owner and president of the company and served as Plaintiffs' day-to-day supervisor.

14. At all times material to this action, Defendant Noval actively participated in the business of the corporation.

15. At all times material to this action, Defendant Noval exercised substantial control over the functions of the company's employees including Plaintiffs.

16. At all times material to this action, Defendant Noval was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

17. Defendant Noval has an ownership interest in and/or is a shareholder of Abalon.

18. Defendant Irwin Noval is one of the ten largest shareholders of Abalon.

**Defendant Dorothy Gomez Frost**

19. Defendant Dorothy Gomez Frost ("Frost"), an individual, resides within New York County, upon information and belief.

20. Defendant Frost is an owner of the company and would stop by the work location at least once a week to check-in.

21. At all times material to this action, Defendant Frost actively participated in the business of the corporation.

22. At all times material to this action, Defendant Frost exercised substantial control over the functions of the company's employees including Plaintiffs. For example, Defendant Frost had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

23. At all times material to this action, Defendant Frost was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 4

24. Defendant Frost has an ownership interest in and/or is a shareholder of Abalon.

25. Defendant Frost is one of the ten largest shareholders of Abalon.

**Plaintiffs Kendall Mota, Nathaniel Emilia, Hector Briganti, Travis Subaran and Michael Miranda**

24. Plaintiff Kendall Mota is a resident of Bronx County.

25. Plaintiff Mota worked for Defendant Abalon as a pest exterminator from December 13, 2016 to March 23, 2022.

26. At the end of his employment, Plaintiff Mota's regular rate of pay was $24.50 per hour.

27. Though it varied, Mota estimates that generally he worked approximately 40-50 hours per week. He typically started work at 8:00 A.M. and stopped worked at 4:00 P.M., five days per week, but sometimes he would start earlier and/or stay later.

28. Plaintiff Nathaniel Emelia is a resident of Bronx County.

29. Plaintiff Emelia worked for Defendant Abalon as a pest exterminator from July 5, 2019 to January 1, 2021.

30. At the end of his employment, Plaintiff Emelia's regular rate of pay was $19.50 per hour.

31. Emelia estimates that generally he worked approximately 50 hours per week. He typically started work at 11:00 A.M. and stopped worked at 8:00 P.M., five days per week, but sometimes he would start earlier, stay later, and he also worked on Saturdays.

32. Plaintiff Hector Briganti is a resident of Kings County.

33. Plaintiff Briganti worked for Defendant Abalon as a pest exterminator from August 1, 2012 to April 1, 2020.

34. At the end of his employment, Plaintiff Briganti's regular rate of pay was $26 per hour.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 5

35. Though it varied, Briganti estimates that generally he worked approximately 40-50 hours per week. He typically started work at 7:00 A.M. and stopped worked at 4:00 P.M., five days per week, but sometimes he would start earlier, stay later, and/or work on Saturdays.

36. Plaintiff Travis Subaran is a resident of Bronx County.

37. Plaintiff Subaran worked for Defendant Abalon as a pest exterminator from April 21, 2015 to September 1, 2018.

38. At the end of his employment, Plaintiff Subaran's regular rate of pay was $25 per hour.

39. Though it varied, Subaran estimates that generally he worked approximately 40-50 hours per week. He typically started work at 7:00 A.M. and stopped worked at 4:00 P.M., five days per week, but sometimes he would start earlier, stay later, sometimes until 7 P.M., and/or work on Saturdays.

40. Plaintiff Michael Miranda is a resident of Bronx County.

41. As pest exterminators, Plaintiffs Mota, Emelia, Briganti and Subaran's duties and responsibilities consisted of performing pest control services in various locations. Plaintiff Subaran also played a lead role over the other exterminators.

42. Plaintiff Miranda started working for Defendant Abalon as a service manager from July 20, 2016 and remains employed.

43. Plaintiff Miranda is paid on an hourly basis, currently at a rate of $30 per hour.

44. As a service manager, Plaintiff's duties and responsibilities consist of overseeing the pest control operations in all the buildings around Grand Central.

45. Though it varies, Miranda estimates that generally he works approximately 40-50 hours per week. His start times vary from day to day, and he typically works six days per week, but sometimes he starts earlier, stays later, and he usually works on Saturdays.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 6

46. Defendants "shaved" or improperly adjusted Plaintiffs' time by paying all the hours they worked over forty on a separate paycheck at straight time.

47. While working in this capacity, Plaintiffs were expected to record time worked by logging their time on a sheet. These records are or should be in the custody or control of the Defendants and/or other entities.

48. At all times material to this action, Plaintiffs and others similarly situated were "employees" within the meaning of 29 U.S.C. § 203(e).

49. Plaintiffs' primary supervisor was Abalon owner Defendant Dorothy Frost.

50. Defendants also did not pay Plaintiffs and others similarly situated at a rate of one and one half times their correct hourly rate for all hours over 40 worked in a workweek.

**FLSA Collective Plaintiffs**

51. Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all hourly "field" workers (i.e. individuals performing pest control duties at the clients' places of business) employed by Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

52. Upon information and belief, all of the Defendants' hourly field workers have been underpaid for their overtime work, have a common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

53. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 7

54. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via appropriate means authorized by the Court.

**Rule 23 Class**

55. The Named Plaintiffs bring the Second and Third Claims for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all hourly field workers employed by Defendant on or after the date six years before the filing of the instant Complaint (the "Class Plaintiffs").

56. The number of, and identities of, the individuals comprising the Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

57. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed Class.

58. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

59. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused her to

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 8

be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiffs in the same way. Though the exact amounts may differ, Plaintiffs and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

60. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining position. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

62. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

63. Further, especially given the current state of alternative job availability, many current and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 9

even former employees understandably fear untoward repercussions for asserting claims on their own.  They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the Colorado requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions.  Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

64. There are questions of law and fact common to the Class that predominate over questions affecting class members individually.  Some of these questions may include the following:

   a. Whether field employees have been improperly paid for their overtime work

   b. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   c. Whether Defendants' conduct was willful;

   d. Whether Defendants maintained true and accurate time and payroll records; and

   e. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

65. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

66. Defendants failed to compensate Plaintiffs and other similarly situated workers at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Late Payments*

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 10

67. On at least some occasions, Plaintiffs and other similarly situated workers did not receive their paychecks on the prescribed paydays.

68. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiffs and other similarly situated workers are entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

69. Because of these unlawful manipulations to the time records, Defendants repeatedly failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs and other similarly situated workers, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

70. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

71. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

72. As a result of the violations by Defendant of the FLSA, the Plaintiffs and other similarly situated workers are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

73. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 11

74. At all relevant times, Plaintiffs and other similarly situated workers were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### Failure To Pay Wages

75. Defendants failed to pay Plaintiffs and other similarly situated workers all their owed wages for all hours they worked, in violation of NYLL §§ 193, 198, 652, and 663.

### Failure To Pay Overtime

76. Defendants failed to compensate Plaintiffs and other similarly situated workers at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### Improper Deductions

77. The Defendant made deductions from the wages of Plaintiffs and other similarly situated workers other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10. Specifically, Defendants deducted health insurance premium payments while failing to provide Plaintiffs and other similarly situated workers with coverage for benefits under the Plan.

### Failure To Pay Wages At Prescribed Frequency

78. The timing and frequency of Plaintiffs and other similarly situated workers' pay was improper. Specifically, Defendants either paid Plaintiffs and other similarly situated workers late, their check would bounce, or did not pay Plaintiffs and other similarly situated workers at all.

79. Plaintiffs were "manual worker[s]" as that term is defined in NYLL § 190(4).

80. On at least some occasions, Plaintiffs did not receive their paycheck on the prescribed paydays.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 12

81. Because of these untimely payments, Plaintiffs were not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

82. When Plaintiff Mota was separated from the company, the employer failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Record-Keeping Failures*

83. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

84. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

85. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

86. Due to Defendant's New York Labor Code violations, Plaintiffs and other similarly situated workers are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**As And For A Third Cause of Action:**
**PREVAILING WAGE (THIRD PARTY BENEFICIARY) CLAIMS**

87. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 13

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

above, and by reference replead and incorporate them as though fully set forth here.

88. Defendants have entered into various contracts agreeing to serve as contractors or subcontractors for contractors having public works contracts public entities.

89. State and/or city funds pay for these public works contracts.

90. Plaintiffs and other similarly situated workers performed the work on behalf of Defendants.

91. Without the labors of the Plaintiffs and other similarly situated workers, Defendants would not have been able to fulfill their contractual obligations.

92. Plaintiffs and other similarly situated workers were third party beneficiaries of the contracts.

93. Plaintiffs and other similarly situated workers were entitled to receive prevailing wages for their labors.

94. Defendants failed to pay Plaintiffs and other similarly situated workers the proper prevailing wages for the work they performed under these contracts.

**As And For A Fourth Cause of Action:**
**CONVERSION**

95. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

96. By their deliberate underpayments of Plaintiffs' regular wages, Defendants committed theft of services.

97. Further, Plaintiffs and other similarly situated workers, as third party beneficiaries of prevailing wage contracts, had a lawful right to be paid at prevailing wage rates for their work.

98. Defendants intentionally failed to pay Plaintiffs and other similarly situated workers at or

above the prevailing wage rates applicable to them.

99. By their deliberate underpayments, Defendants committed theft of the balance of Plaintiffs' and other similarly situated workers owed wages.

100. For the civil aspect of this theft, Plaintiffs and other similarly situated workers are entitled to receive conversion damages in an amount to be determined at trial.

### As And For A Fifth Cause of Action:
### UNJUST ENRICHMENT

101. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

102. Defendants entered into lucrative contracts with the government that contained requirements to pay workers at prevailing wage rates.

103. By retaining the full contractual amounts and not paying the workers the full extent of the prevailing wages that they should have Defendants were unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) Certify Count I as a Collective Action Pursuant to 29 U.S.C § 216(b);

(B) Certify Count II as a Class Action Pursuant to Fed. R. Civ. Proc. 23;

(C) Certify Count III as a Class Action Pursuant to Fed. R. Civ. Proc. 23;

(D) Certify Count IV as a Class Action Pursuant to Fed. R. Civ. Proc. 23;

(E) Certify Count V as a Class Action Pursuant to Fed. R. Civ. Proc. 23;

(F) Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 15

(G) Award Plaintiffs and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(H) Award Plaintiffs and others similarly situated liquidated damages pursuant to NYLL § 663;

(I) Award Plaintiffs and others similarly situated third party beneficiary, conversion, and/or unjust enrichment damages;

(J) Award Plaintiffs and others similarly situated interest;

(K) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(L) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **7th** day of **September, 2022.**

ANDERSONDODSON, P.C.

_____
**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mota v. Abalon Exterminating Co., Inc., et al*
USDC, Southern District of New York

Complaint
Page 16