UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2023
```

KENDALL MOTA, TRAVIS SUBARAN, NATHANIEL EMILIA, HECTOR BRIGANTI, and MICHAEL MIRANDA, in their individual capacities and on behalf of others similarly situated,

Plaintiffs,

-against-

ABALON EXTERMINATING COMPANY, INC., IRWIN NOVAL, an individual, and DOROTHY GOMEZ FROST, and individual,

Defendants.

1:22-cv-7602 (MKV)

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs are current and former employees of Abalon Exterminating Company, Inc. ("Abalon"). They brought this putative collective action against Abalon and its owners (together, "Defendants"), asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), in addition to state common law claims of conversion, unjust enrichment, and breach of contract. Defendants move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, that motion is granted in part and denied in part.

**BACKGROUND**[1]

Plaintiffs each work or used to work as pest exterminators for Abalon, which is an extermination company owned by Irwin Noval and Dorothy Gomez Frost (together with Abalon,

---

[1] The Court draws its facts from the Complaint [ECF No. 1] ("Compl."), the well-pleaded allegations of which are taken as true for the purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

"Defendants"). Compl. ¶¶ 8, 17, 24–25, 29, 33, 37, 42. For this work, Plaintiffs expected to be paid timely and in the correct amount. But allegedly that did not always happen.

Defendants often paid Plaintiffs late or with checks that bounced. Compl. ¶¶ 78, 80. When Plaintiffs ultimately received their checks, they were often not for the full amount owed. Compl. ¶¶ 2, 66, 76, 94, 188. For instance, Defendants shortchanged Plaintiffs in connection with public works contracts, depriving them of the prevailing wages they were owed pursuant to those contracts. Compl. ¶¶ 94, 188. Defendants also denied Plaintiffs the time-and-a-half overtime rate required by law, even though Plaintiffs regularly worked over forty hours per week. Compl. ¶¶ 2, 66, 76. Plaintiffs allege that this was all done in bad faith (Compl. ¶ 2), as evidenced by the fact that "Defendants would divide their hours into separate paychecks so that their check never reflected their accurate hours, in an attempt to avoid paying overtime." Compl. ¶ 2.

On September 7, 2022, Plaintiffs commenced this action asserting numerous violations of the FLSA and NYLL, including claims of unpaid overtime wages, improper record keeping, and failure to pay wages at a prescribed frequency. Compl. ¶¶ 65–86. Plaintiffs also brought claims of breach of contract, unjust enrichment, and conversion in connection with Defendants' alleged failure to pay them prevailing wages, as required by the public works contracts to which they were third-party beneficiaries. Compl. ¶¶ 87–103.

Defendants moved to dismiss the case pursuant to Rule 12(b)(6). [ECF No. 24] ("Defs. Br.").[2] In so doing, Defendants argued that (1) the FLSA claims brought by Plaintiffs Subaran, Briganti, and Emilia are time barred; (2) Plaintiffs Mota and Miranda fail to state a claim for unpaid overtime wages under the FLSA; and (3) Plaintiffs' prevailing wage claims fail as they relate to

---

[2] Defendants' Memorandum of Law was accompanied by the Affirmation of David M. Glanstein [ECF No. 24] ("Glanstein Aff.") and attached exhibits.

work performed on the New York Public Library, which is not an agency of city government.[3] Plaintiffs filed an opposition brief [ECF No. 30] ("Opp."), and Defendants replied [ECF No. 31] ("Reply").

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

### I. TIMELINESS

As a threshold matter, the Court considers the statutes of limitations applicable to Plaintiffs' FLSA and NYLL claims. The statute of limitations for FLSA claims is two years, or, if the FLSA violation was willful, three years. 29 U.S.C. § 255(a). The statute of limitations for NYLL claims is six years. N.Y. Lab. Law. §§ 198(3), 663(3). Defendants argue that the two-year statute of limitation bars the FLSA claims brought by Plaintiffs Briganti and Emilia, and that the FLSA claims brought by Plaintiff Subaran are barred even assuming the longer three-year limitations period applies.

---

[3] Defendants also argued that in the event all FLSA claims in this case are dismissed, the Court should decline to exercise jurisdiction over any remaining state law claims. Because the Court does not dismiss all FLSA claims, it need not address that argument.

### A. *Plaintiffs Briganti and Emilia*

Plaintiff Briganti allegedly last worked at Abalon on April 1, 2020, while Plaintiff Emilia allegedly last worked several months earlier.[4] Compl. ¶¶ 29, 33. As a result, the FLSA claims brought by Briganti and Emilia are time barred unless they have plausibly alleged that Defendants' conduct was willful, such that the longer three-year statute of limitations period applies.

To state a claim for a willful violation of the FLSA, "the complaint must allege more than an ordinary violation." *Joya v. Tutto Fresca Italian Food LLC*, No. 18-cv-1299, 2019 WL 3282941, at *2 (E.D.N.Y. July 22, 2019) (internal quotation marks omitted). It must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (internal quotation marks omitted). It is often noted that "whether an employer's conduct is willful 'is a fact-intensive inquiry not appropriately resolved on a motion to dismiss.'" *Maria v. El Mambi Rest. Corp.*, No. 20-cv-3707, 2021 WL 2337577, at *4 (S.D.N.Y. June 8, 2021) (quoting *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012)). However, the Second Circuit has explained that a plaintiff must "allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021).

Plaintiffs have met that burden here. They have alleged that "Defendants had no good faith basis for believing that their pay practices . . . were in compliance with the law" (Compl. ¶ 70),

---

[4] While the Complaint alleges that Emilia had his last day at Abalon on January 1, 2021, Defendants state in their moving brief that this is likely a typographical error because Abalon's records reflect that his last pay period was in January 2020. Defs. Br. at 7 n.1. Plaintiffs did not dispute this point and assumed it to be true for purposes of opposing the motion to dismiss. Opp. at 2–3. While Plaintiffs state that their assumption should not be interpreted as a concession, Opp. at 3, it is impossible to interpret it any other way. In any event, this difference in dates does not result in a difference in outcome, given that willfulness plausibly has been alleged and, as a result, the three-year statute of limitations applies.

and that "Defendants intentionally failed to pay Plaintiffs . . . at or above the prevailing wage rates applicable to them" (Compl. ¶ 98). While these somewhat vague and conclusory allegations are insufficient on their own, Plaintiffs offer supporting allegations. Specifically, Plaintiffs allege that when they "worked above forty hours in a given workweek, Defendants would divide their hours into separate paychecks so that their check never reflected their accurate hours, in an attempt to avoid paying overtime." Compl. ¶ 2. If there is a legitimate business reason for Defendants' use of separate checks (which was allegedly done deliberately), none has been provided or is otherwise apparent. Accordingly, at the pleading stage, Plaintiffs have plausibly alleged that Defendants have acted willfully, such that the three-year statute of limitations is appropriate, and such that the claims brought by Briganti and Emilia survive the motion to dismiss.

### B. Plaintiff Subaran

Plaintiff Subaran allegedly last worked for Abalon on September 1, 2018. Compl. ¶ 38. Since this matter was filed more than four years later, Subaran fails to state any timely FLSA claims even under the longer three-year statute of limitations. Plaintiffs do not dispute this point. Thus, the Court must decide only whether it should retain supplemental jurisdiction over the NYLL claims brought by Subaran, which are timely under the applicable six-year limitations period.

Where original jurisdiction exists, a district court "shall have supplemental jurisdiction over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy if those claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). "It is well settled that NYLL and FLSA claims that arise out of the same compensation policies

5

and practices derive from the same common nucleus of operative fact." *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 551 (S.D.N.Y. 2017).

Here, the NYLL claims brought by Subaran clearly arise out of the same compensation policies and practices of the same employer as the FLSA claims brought by the other plaintiffs. Accordingly, supplemental jurisdiction over Subaran's NYLL claims is appropriate.

## II.     FLSA OVERTIME CLAIMS

"[T]o survive a motion to dismiss [an FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Accordingly, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Id.* When the hours alleged to have been worked by a plaintiff do not add up to more than 40 hours in any given week, the plaintiff has failed to state a plausible claim for unpaid overtime. *See id.* at 114–15.

Defendants argue that Plaintiffs Mota and Miranda have failed to sufficiently state a plausible FLSA overtime claim. The Court agrees. Mota "estimates that generally he worked approximately 40-50 hours per week," and that "[h]e typically started work at 8:00 A.M. and stopped work at 4:00 P.M., five days per week, but sometimes he would start earlier and/or stay later." Compl. ¶ 27. Plaintiff Miranda "estimates that generally he works approximately 40-50 hours per week" and that "[h]is start times vary from day to day, and he typically works six days per week, but sometimes he starts earlier, stays later, and he usually works on Saturdays." Compl. ¶ 45.

These vague allegations are insufficient. It is not clear in which *year* these plaintiffs might have worked a week over forty hours, let alone any "particular workweek(s) in which the plaintiff

6

suffered an overtime violation." *Ahmad v. Day*, No. 20-cv-4507, 2023 WL 3847144, at *6 (S.D.N.Y. June 6, 2023). The allegations are boilerplate, and could apply to any number of workers, in any number of fields, in any given decade. More detail is required. Accordingly, these FLSA overtime claims are dismissed for failure to state a claim.

### III.   STATE COMMON LAW CLAIMS

Pursuant to New York Labor Law Section 220, "laborers on public works contracts in New York must be paid not less than the prevailing wages in their locality for their trade or occupation." *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 613 (S.D.N.Y. 2016). Prevailing wage claims can be brought "directly under Section 220 of the [NYLL] or as a common-law claim for breach of contract." *Douglas v. Spartan Demolition Co., LLC*, No. 15-cv-5126, 2018 WL 4521212, at *5 (S.D.N.Y. Sept. 21, 2018) (internal quotation marks omitted). Put differently, an "employee may bring a common law breach of contract claim as the intended third party beneficiary of a public works contract." *Almazo v. M.A. Angeliades, Inc.*, No. 11-cv-1717, 2015 WL 6965116, at *2 (S.D.N.Y. Nov. 10, 2015). Plaintiffs have done just that.[5]

Under New York law, parties asserting third-party beneficiary rights under a contract must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate

---

[5] Plaintiffs also bring causes of action for conversion and unjust enrichment in connection with their claim that Defendants failed to pay them at or above the prevailing wage rates applicable to them. Compl. ¶¶ 95–103. Defendants do not contest that these causes of action are available for prevailing wage rate claims generally. Rather, Defendants attempt to dismiss those claims only with respect to the New York Public Library, on the same grounds that they seek to dismiss the breach of contract claim. As a result, the Court's analysis of the breach of contract claim serves to address any corresponding arguments advanced for the dismissal of the conversion and unjust enrichment claims, which may be pursued as alternative claims for relief. *See Singer v. Xipto Inc.*, 852 F. Supp. 2d 416, 426 (S.D.N.Y. 2012) ("While a party generally may not simultaneously recover upon a breach of contract and unjust enrichment claim arising from the same facts, it is still permissible to plead such claims as alternative theories.").

[them] if the benefit is lost." *Mendel v. Henry Phipps Plaza W., Inc.*, 6 N.Y.3d 783, 786 (2006) (internal quotation marks omitted). These requirements are clearly satisfied here.

Plaintiffs allege that Abalon agreed to be the contractor or subcontractor for multiple public works projects, that the contracts covering those public works projects required the payment of prevailing wages to those who worked on the projects, and that Plaintiffs worked on those projects but were not paid prevailing wages. Compl. ¶¶ 1, 95–103. Courts have found that "[t]hese allegations are sufficient to state a claim by the plaintiffs under New York law for breach of contract on a third-party beneficiary theory." *Zhirzhan v. AGL Indus., Inc.*, No. 14-cv-7567, 2015 WL 13742429, at *13 (E.D.N.Y. Sept. 15, 2015); *see also Di Simone v. CN Plumbing, Inc.*, No. 13-cv-5088, 2014 WL 1281728, at *5 (E.D.N.Y. Mar. 31, 2014). Indeed, Defendants do not dispute that Plaintiff have sufficiently alleged a claim for breach of contract.

Defendants allege only that Plaintiffs have failed to state a claim as it relates to any work performed on behalf of the New York Public Library, which, according to Defendants, is a non-profit organization, not a government agency, and thus not subject to Section 220. Defs. Br. at 14. In so arguing, Defendants attack the first paragraph of the Complaint, which alleges that Defendants "failed to pay them the correct prevailing wage rates despite working at several public New York City project sites such as Grand Central Station and various New York City public libraries." Compl. ¶ 1. This approach is misguided.

Plaintiffs clearly offer Grand Central Station and New York City public libraries as *examples* of public projects on which they had worked. That is fine as far as it goes. There is no requirement, after all, that a plaintiff list at the pleadings stage every public contract on which he has worked. This is particularly true where, as here, "the relevant facts relating to the defendants' various public works contracts are uniquely within the knowledge of the defendants." *Di Simone*,

8

No. 13-cv-5088, 2014 WL 1281728, at *5.  It is therefore premature to define the scope of the breach of contract claim, or to decide whether the work performed on the "various New York City public libraries" referenced in the complaint (Compl. ¶ 1)—not necessarily *the* New York Public Library referenced by Defendants—qualifies as work performed on public works projects.

## CONCLUSION

To summarize:

- The motion is DENIED insofar as Defendants seek to dismiss as untimely the FLSA claims brought by Plaintiffs Briganti and Emilia;

- The motion is GRANTED with respect to the FLSA claims brought by Plaintiff Subaran;

- The motion is DENIED insofar as Defendants seek to dismiss the NYLL claims brought by Plaintiff Subaran;

- The motion is GRANTED with respect to the overtime claims brought by Plaintiffs Mota and Miranda;

- The motion is DENIED with respect to the prevailing-wage related state law claims.

The Clerk of Court respectfully is requested to close the Motion at ECF No. 23.

**SO ORDERED.**

**Date:  August 14, 2023**
       **New York, NY**                                    _____
                                                           **MARY KAY VYSKOCIL**
                                                           **United States District Judge**

9